Good morning, Your Honors. I'm Mayor Ashley. I'm the attorney for the appellant from Helena, Montana. And this is puny snow to you, right? Yes. Well, I got in yesterday, thank God. McNeil is a, the argument in McNeil is, is this a judicial function when you give a false statement to a magistrate on a financial affidavit? And the, it's a, it's actually is a fairly narrow issue, but I think it, it impacts on the right to counsel. And if, if we don't, if we try and make inroads on the right to counsel, we hurt all the other basic rights that a person has. The courts, as, as you are all aware, must interpret the law, not create it. And that's what we've got in this situation is, is this a judicial function or is it an administrative function? Well, can, can the exception really be as broad as judicial function? I mean, why would judicial branch be included within subsection A if anything having to do with the judicial branch is carved out in B? Well, that's my, my argument exactly, Your Honor, is that prior to Hubbard, several of the circuit courts had instituted what's called a judicial function test. And once Hubbard came down, the legislature got, or the Congress got concerned about exactly what Hubbard said. And they, they then decided, well, we're going to delineate it more. And when they did, they, they, after some argument, they finally put in subsection B, which, in my opinion, covers everything that a judge or a magistrate may do, all the way from here appointing a counsel all the way up through and including trial. You know, we're instructed to read statutes so as not to make part of them superfluous. Does that interpretation make the term judicial in subsection A superfluous? Or is there something that you think remains in A that is not carved out by B? Is there some way we can read it without disregarding the word judicial in subsection A? Well, I think basically subsection A applies to the executive branch, subsection B applies to the judicial branch, and subsection C to the legislative branch, Your Honor. Well, A still says, except as otherwise provided in the section, which we need to note, whoever in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government. If we took your interpretation, Congress should have changed the statute in a different way and just taken the words judicial and perhaps the word legislative as well out of subsection A. But that's not what it did. So we're stuck trying to interpret this with instructions not to read it in such a way as to make a word meaningless. Is there something that you can identify that would be covered that's judicial branch but not carved out by the exception in B? Or is it just the two subsections are inconsistent? Quite frankly, I think the two sections are inconsistent, Your Honor. I think that the Congress overreacted to Hubbard, and then they went in overreacting. They created a problem for the courts, Your Honor, which is the administrative judicial function situation. It's interesting to note that when the Congress was dealing with this interpretation, that the United States Attorney's Office pointed out that there were several circuits that adopted the judicial function exception and that some of the other circuits had not. And in point of fact, in testimony before the Congress, the United States Attorney, I think his name was Lit, pointed out that this Court's interpretation in Placenca or Zacco and a Fifth Circuit case were diametrically opposed. And they said there in their testimony before Congress that this particular thing had to be addressed. And I think that's where Congress said, well, let's enact basically the judicial function exception to 1001. My problem with interpreting 1001 as the United States would have you interpret it here is the same problem that Judge Scalia had in Hubbard, and that is that overzealous prosecutors could use 1001 as the United States wishes you to interpret it to create a chilling effect on defense counsel, Your Honor. Aren't there matters within the judicial branch that are not judicial proceedings? I tried to think of that, Your Honor. It says judicial branch, whereas B is speaking about judicial proceedings. Judicial proceedings, correct. B only exempts, in my opinion, judges and magistrates, Your Honor. It doesn't say anything about clerks or anything of that nature. Perhaps the best example is if a CJA attorney filed a financial statement requesting payment to a court. The court looked at it and felt that there were some problems in it. That might be an administrative function, Your Honor. Frankly, I don't know of anything that a judge or a magistrate does that isn't a judicial function, quite frankly. Is the judicial proceeding? Pardon me? Proceeding. Judicial proceeding is the word they use. I think anything that's a judicial proceeding, in my opinion, Your Honor, court, a pretrial conference, certainly appointment of counsel. A good example is the state of Montana. If we have a homicide case, there is a select panel of attorneys that the judge has to appoint the attorney off that panel. Open court? Pardon? Is that done in open court? Yes, it is. Ultimately, it is, Your Honor, yes. It is? Yes. The judge will contact the attorneys on the panel, ask them if they will accept appointment, and then formally appoints them in, usually at the arraignment, Your Honor. I think that clearly ---- Why wouldn't it be a reasonable interpretation that Congress was just seeking to overrule and affect Hubbard, but leave in effect all the pre-Hubbard decisions with regard to what was a judicial proceeding? Well, I think Congress intended to overrule Hubbard, Your Honor, and may have started out that way. But then they got input, as I say, from the United States Attorney's Office and from the legislature regarding the Rostenkowski matter. And they said, well, we've got to separate these things out. We can't have it all as it was pre-Hubbard. So we've got to say here's, as I said, subsection A covers, in my opinion, the executive branch. I'm sorry. Yeah, the executive branch. Subsection B covers the judicial branch, and subsection C covers the executive. And I think if you read subsection B and subsection C, it's clear that Congress was saying, hey, you can't lie to the courts, but we aren't going to let you lie to us either. And I ---- bottom line, as I say, I think there's nothing a judge or a magistrate does once an indictment is even filed that isn't judicial. Thank you, counsel. If you want to save any time for rebuttal. Yes, ma'am. Thank you. Mr. Mercer. If it pleases the Court, I want to quickly review the legislative history provision that Judge Hugg was asking Mr. Ashley if he could discuss a bit about the congressional intent here. And I don't think it's any mystery because I think the legislative history cited in the brief makes it fairly apparent as to what the Congress was trying to do. The Congress was attempting to cover the judicial branch from false statements made by ---- made within the jurisdiction of the judicial branch by restoring that judicial function exception and trying to distinguish between administrative functions and adjudicative functions of the court. And specifically, that legislative history says that the section is amended. This is within section two of the section by section analysis. It says it does so, meaning the amendment, while ensuring that the scope of 1001 is limited, as was the case prior to Hubbard. Consequently, section two establishes both judicial and legislative function exceptions. To that end, the judicial function exception exempts from section 1001's application those statements made by a party or party's counsel or judge during a judicial proceeding so as to avoid any chilling effect upon the adversarial process. And, of course, that is not at issue in this appeal. This happens before anything happens within the adversarial process. Counsel, I have a question just about the text of subsection B itself. It seems to me that certainly the legislative history lends support. But is it your position that the defendant was not a party to a judicial proceeding or that the document was not submitted in that proceeding? Certainly the defendant is a party based upon a return of the indictment. But this is a preliminary matter that occurs before even there has been any notion of appointment of counsel or before any warnings have been given. And so your question, Judge Graber, is that key language in that proceeding, at the end, your second prong of the question, in that proceeding. In your view, when does that proceeding begin in a criminal case? Well, it certainly happens at a point where the rights have been, there have been a declaration in terms of what sort of rights the defendant has. This is a preliminary matter that occurs before that. I understand you're saying it's preliminary. But I want to know, is there a bright line that we can figure out when it is that that proceeding begins in a criminal case? Well, I think the adjudicative function, which the Congress was attempting to restore, was essentially saying we want to be able to criminalize things that are done within the housekeeping functions. In this case, the defendant was asking for benefits. That's different than the adjudicative function that only kicks in once the adversarial process begins. It needs to begin. I'm trying to understand your position. I think it's difficult to know whether it happens during an initial appearance at all, where at that point the defendant isn't under oath, there aren't any trial tactics that are in question. It may begin at the time of a detention hearing. But when somebody is coming in and asking for benefits from the government, comes in and says, will you pay for a lawyer, there isn't anything that's happening that's part of the adversarial process at that point. Let me ask you a different question and see how this tracks out. Let's suppose that the trial has actually started in a complicated case, and the lawyer, for one reason or another, has to leave a conflict of interest or the defendant can't pay and the court allows the lawyer to be excused from the case. And then the person seeks payment for counsel to continue the trial. Clearly the proceeding has begun. What would be your position about a false statement filed in connection with that kind of request? Well, again, I think there may be a proceeding that has at that point the proceeding may have been joined, but I don't know, it doesn't appear to me, that the adjudicative function is at all in question, and at that point the court is back to its administrative function. I guess I just have difficulty figuring out what is in that proceeding and what is not, because the text of the statute seems a lot broader than the legislative history suggests. And I guess that's one of those wonderfully classic situations in which the text may point one way and the legislative history may point another. And what are we supposed to do in that situation? Well, the government's position is this, that wherever that bright line is, it occurs after this very administrative decision, which is whether a person is entitled to counsel. There isn't any adversarial proceeding that's engaged at that point. And so if there is a question about what the magic language in that proceeding means, the one thing that's clear is it occurs sometime after appointment of counsel. And for this Court, this Court's already dealt with that issue in United States v. Powell, a 1983 case, and I specifically refer the Court to the language on page 458, I believe. It's the last page, and it says this deals with a misrepresentation on a CJA 23 form, and the panel says this misrepresentation did not occur during a judicial proceeding. So this Court's already, and again, obviously that's before the amendment of the statute, but the Court has already said a false statement on a CJA 23 did not occur during a judicial proceeding. And that's because it is one of these preliminary inquiries that simply doesn't impact the adjudicative function of the Court. So I think the Court's already dealt with this factual circumstance and made a determination about whether something has occurred within a proceeding. You used the phrase adjudicative, but I don't see that anywhere in the statute. No, it's not in the statute, Your Honor. It is within the legislative history, and the Congress was attempting to say, starting with what the D.C. Circuit said in Morgan and what you noted, Your Honor, in the Plasencia-Roscoe decision, that there is this distinction that the courts continue to adopt after Bramblett but before Hubbard, and that, in fact, there are distinctions in terms of what courts do, what occurs within the judicial branch. It's not in the plain language, but the Congress certainly tries to illuminate the subject in the legislative history. Now, doesn't that give us problems in the criminal context? You know, the due process problems if, in fact, you've got to – you can't rely on the text of the statute and have to go beyond that to what Congress intended. I mean, you're surely right as to what Congress intended here. But given this text, isn't there some concern that someone is not on fair notice as to what the statute prohibits if it is worded in the way that Congress worded the statute? Well, the question is, is what happens, you know, back to that key language in that prepositional phrase, in that proceeding? And this isn't something that happens in a proceeding. This is something – he's not under oath. He walks in, hands a form, and they say, we're going to grant you benefits. It doesn't have anything to do with a proceeding that is adversarial in nature. It has something to do with the proceeding. If he weren't a criminal defendant in a judicial proceeding, he wouldn't be asking for a lawyer to help him in the proceeding. So it's a little too far to say that it has nothing to do with it. It's connected. It's the sine qua non. I mean, if there weren't an indictment, he wouldn't need a lawyer. So it's connected in some way. But I guess what we're struggling with in our questions is how connected the statute makes it. Well, you know, I think the legislative history courts for more than 20 years dealt with this issue and said that there was a distinction, and that, as this Court said in Powell, this Court said in Plasencia-Roscoe, that this is not something that is beyond the scope of 1001. Congress is merely attempting to restore that. So – In Powell, we didn't have a textual problem, because in Powell, this exception, subsection B, hadn't been put in. It was the judicially created exception to try to save the application of 1001, the situation where it wasn't intended. And Powell surely says, and I think it's an important observation, in language that may apply to subsection B, that the misrepresentation did not occur within a judicial proceeding. But the context of Powell was somewhat different from the context we're dealing with now. Certainly. Certainly it is. But we know that the Congress was worried about Hubbard, and we know that the Congress, from the language in the legislative history, says we've got to do something to ensure the integrity of the proceedings, be it in the executive branch, the judicial branch, and this is a circumstance in which the only way to police behavior, particularly given the facts of this case, was to pursue a prosecution under 1001. And I'd be happy to answer. In candor, I do want to address Judge Clifton's first question to Mr. Ashley. I do believe the court can read B and A consistently. There are other things that an employee of the judicial branch could do, or someone else could do, that would be criminalized under 1001A and not barred by 1001B. And I've tried to do that. My own example is turning in a false travel expense report. Exactly. That would probably be covered. That doesn't help your immediate situation. No. But I think they could be harmonized. I think, I've tried to think, I've tried to itemize a list of things that would be covered. I think a false statement from probation officer is covered by A, and it. Because B says judicial officer. And I guess you have to decide, yeah, that's, well. And I'm sure somebody would argue that a probation officer is a judicial officer. And then we'd have the discussion about, well, does that happen within a proceeding? But that may be a closer question than Judge Clifton's example in A, the false declaration to, on a travel voucher by a law clerk or by anyone affiliated with the judicial branch. And, frankly, I suppose a false statement of the sentencing commission. Although it's hard for me to really see how that would be material, I think that might be covered. So I can't argue that there isn't anything left in A by virtue of B if you don't adopt my position in the case. Thanks, Court. We'll give you an extra minute for rebuttal since we get to opposing counsel a bit. If they can't figure that out, it's all right. Your Honor. That's fine. I was just, I'm impressed. We've got a clock master today. All right. I'm impressed with the clock. Okay. In answer to Judge Graber's question, we have a similar situation right now in the state of Montana where they started a homicide trial. They had to appoint one counsel from this panel that I was talking about. And they haven't got to trial yet, but they've done all the pretrial motions and so forth. And now that appointed counsel is asking for additional compensation. Quite frankly, I don't think you're going to get it. But that's, it's still all part of the same judicial proceeding. I believe in this case that Mr. McNeil was mischarged, Your Honors. There are ample other statutes he could have been charged under. The most prominent one is perjury, Section 1621. False declarations before a court or a grand jury. Obstructions of justice and false claims against the United States. He signed a financial affidavit that said, I certify under penalty of perjury that everything in this is true. And as I say, I think he was mischarged, Your Honors. Thank you, counsel. The case just argued is submitted. And we will move.
judges: Hug, Graber, Clifton